FILED: 10/21/2019 5:28 PM
David Trantham
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. __19-10097-462_____

| | | |
|---|---|---|
| JAMES DAVIS, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | DENTON COUNTY, TEXAS |
| STATE FARM LLOYDS | § | |
| AND JAMES ULIBARRI, | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James Davis, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of State Farm Lloyds ("State Farm") and James Ulibarri ("Ulibarri") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, James Davis, resides in Denton County, Texas.

3.     Defendant, State Farm Lloyds, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon State Farm Lloyds through its registered agent for service:  **State Farm Lloyds, 211 East 7th Street, Suite 620, Austin, Texas 78701.**  Plaintiff requests service at this time.

unofficial Copy

4.     Defendant James Ulibarri is an individual resident of Keller, Texas. Ulibarri may be served

with citation at the address listed with the Texas Department of Insurance: **1516 Newton**

**Ranch Road, Keller, Texas 76248.** Plaintiff requests service at this time.

### JURISDICTION

5.     The Court has jurisdiction over State Farm because this Defendant engages in the business

of insurance in the State of Texas, and the causes of action arise out of State Farm's

business activities in the state, including those in Denton County, Texas, with reference

to this specific case.

6.     The Court has jurisdiction over Ulibarri because this Defendant engages in the business

of adjusting insurance claims in the State of Texas, and the causes of action arise out of

this Defendant's business activities in the State of Texas, including those in Denton

County, Texas, with reference to this specific case.

### VENUE

7.     Venue is proper in Denton County, Texas because the insured property is located in

Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit

occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.     Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiff owns a State Farm Lloyds homeowner's insurance policy, number 58-CX-L172-4

("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 729

Case 4:19-cv-00889   Document 1-4   Filed 12/04/19   Page 4 of 23 PageID #: 21

Valley View Court, Argyle, Texas 76226 ("the Property").

10.  State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiff.  State Farm, or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  State Farm has refused the full extent of that coverage currently owed to Plaintiff.

11.  On or about March 26, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Keller, Texas area.

12.  In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property.  State Farm assigned claim number 43-0846-P20 to Plaintiff's claim.

13.  Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

14.  Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

15.  State Farm assigned or hired Ulibarri to adjust the claim.

    a.  Ulibarri had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Ulibarri. The valuation of damages that were included in Ulibarri's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Ulibarri.

b. Furthermore, Ulibarri was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Ulibarri had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Ulibarri made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

d. Ulibarri made further misrepresentations to Plaintiff during his inspection. Ulibarri used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16. State Farm, through its agents, namely Ulibarri, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around August 4, 2017. Ulibarri found that there was no damage from a covered peril to the roof of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

4

Case 4:19-cv-00889   Document 1-4   Filed 12/04/19   Page 6 of 23 PageID #:  23

19.   To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $89,248.08

20.   Since due demand was made on August 13, 2019, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.   As stated above, Defendants failed to assess the claim thoroughly.   Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm failed to provide full coverage due under the Policy.

22.   As a result of State Farm's failure to provide full coverage, along with State Farm's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.   State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, State Farm refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm and Plaintiff.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair

nofficial Copy

Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, State Farm through its agents, servants, and representatives, namely Ulibarri, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically,

6

Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSE OF ACTIONS AGAINST DEFEENDANT

### COUNT 1 - BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

33.     State Farm's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### COUNT 2 – VIOLATIONS OF THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.     State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.     State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     State Farm's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**COUNT 3 – VIOLATIONS OF THE TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS**

41.     All allegations above are incorporated herein.

Case 4:19-cv-00889 Document 1-4 Filed 12/04/19 Page 10 of 23 PageID #: 27

42.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### COUNT 4 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### COUNT 5 – VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT

48.     All allegations above are incorporated herein.

49.     State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods

9

and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  State Farm also represented to Plaintiff that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### COUNT 6 -FRAUD

51.   All allegations above are incorporated herein.

52.   State Farm is liable to Plaintiff for common law fraud.

53.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

11

54.     State Farm made the statements intending that Plaintiff act upon them.  Plaintiff then
acted in reliance upon the statements, thereby causing Plaintiff to suffer injury
constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT JAMES ULIBARRI

### COUNT 1 – VIOLATIONS OF THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRATICES

55.     All allegations above are incorporated herein.

56.     Ulibarri's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.     Ulibarri is individually liable for his unfair and deceptive acts, irrespective of the fact that
he was acting on behalf of State Farm, because Ulibarri is a "person," as defined by TEX.
INS. CODE §541.002(2).

58.     Ulibarri knowingly underestimated the amount of damage to the Property.  As such,
Ulibarri failed to adopt and implement reasonable standards for the investigation of the
claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.     Furthermore, Ulibarri did not attempt in good faith to effect a fair, prompt, and equitable
settlement of the claim.  TEX. INS. CODE §542.003(4).

60.     Ulibarri's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
explanation of the basis in the Policy, in relation to the facts or applicable law, for partial
denial of the claim, also constitutes an unfair method of competition and an unfair and
deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

Case 4:19-cv-00889 Document 1-4 Filed 12/04/19 Page 14 of 23 PageID #: 31

61.     Ulibarri's unfair settlement practice of failing to attempt in good faith to make a prompt,

        fair, and equitable settlement of the claim, even though liability under the Policy was

        reasonably clear, Ulibarri constitutes an unfair method of competition and a deceptive

        act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## COUNT 2 – VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT

62.     All allegations above are incorporated herein.

63.     Ulibarri's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and

        services provided by Ulibarri pursuant to the DTPA.  Plaintiff has met all conditions

        precedent to bringing this cause of action against Ulibarri. Specifically, Ulibarri's violations

        of the DTPA include the following matters:

        A.      By this Defendant's acts, omissions, failures, and conduct, Ulibarri has violated

                sections 17.46(b)(2), (5), and (7) of the DTPA.  Ulibarri's violations include, (1)

                failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

                estimate reflecting the proper repair of Plaintiff's Property when liability has

                become reasonably clear, which gives Plaintiff the right to recover under section

                17.46(b)(2).

        B.      Ulibarri represented to Plaintiff that the Policy and his adjusting and investigative

                services had characteristics or benefits they did not possess, which gives Plaintiff

                the right to recover under section 17.46(b)(5) of the DTPA.

13

C.    Ulibarri represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Ulibarri's actions are unconscionable in that Ulibarri took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Ulibarri's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Ulibarri's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Ulibarri's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Ulibarri, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## COUNT 3 - FRAUD

65.    All allegations above are incorporated herein.

66.    State Farm assigned or hired Ulibarri to adjust the claim.

a.    Ulibarri had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Ulibarri. The valuation of damages that were

14

included in Ulibarri's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Ulibarri.

b.  Furthermore, Ulibarri was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Ulibarri had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Ulibarri made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d.  Ulibarri made further misrepresentations to Plaintiff during his inspection. Ulibarri used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## COUNT 4 - GROSS NEGLIGENCE

67.  All allegations above are incorporated herein.

68.  Ulibarri's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. Ulibarri's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b. Ulibarri had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

69. Ulibarri intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of State Farm. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

<h3 style="text-align:center">COUNT 5 - NEGLIGENCE</h3>

70. All allegations above are incorporated herein.

71. Ulibarri was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

16

c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

72.  Ulibarri's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

73.  At all relevant times, Ulibarri was an agent or employee of Defendant State Farm.

74.  Ulibarri's unreasonable inspection was performed within the course and scope of his duties with Defendant State Farm. Therefore, State Farm is also liable for the negligence of Ulibarri through the doctrine of respondeat superior.

**KNOWLEDGE**

75.  Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

17

**WAIVER AND ESTOPPEL**

76. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

**DAMAGES**

77. Since the claim was made, State Farm has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

18

Case 4:19-cv-00889    Document 1-4    Filed 12/04/19    Page 20 of 23 PageID #: 37

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiff's Property is currently estimated at $89,248.08.

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money State Farm owed, and exemplary damages.

85. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the

recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $300,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**REQUESTS FOR DISCLOSURE**

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

90.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, State Farm Lloyds and James Ulibarri, be cited and served to appear, and that upon trial hereof, Plaintiff,  James Davis, has and recovers from Defendants, State Farm Lloyds and James Ulibarri, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, James Davis, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center, Suite 555
Houston, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

22